# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3776-17T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

Y.M.K.,

     Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF A.M.K., JR.,

     a Minor.

_____

Submitted February 27, 2019 – Decided May 7, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0023-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Carol A. Weil, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Casey J. Woodruff, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Meredith A. Pollock, Deputy Public Defender, of counsel; Cory H. Cassar, Designated Counsel, on the brief).

PER CURIAM

Defendant, Y.M.K., appeals from an April 10, 2018 guardianship judgment terminating her parental rights to her child, A.M.K., now nine years old. The child's father is deceased. Defendant contends plaintiff, the Division of Child Protection and Permanency (the Division), failed to prove by clear and convincing evidence that terminating her parental rights was in her child's best interests, the standard codified in N.J.S.A. 30:4C-15.1(a). The Division and the Law Guardian oppose the appeal. We affirm.

Parents have a constitutionally protected, fundamental liberty interest in the care, custody, and supervision of their children. Santosky v. Kramer, 455 U.S. 745, 753 (1982); N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007). Nonetheless, that interest is not absolute and "must be

balanced against the State's <u>parens</u> <u>patriae</u> responsibility to protect the welfare of children." <u>N.J. Div. of Youth & Family Servs. v. G.L.</u>, 191 N.J. 596, 605 (2007) (quoting <u>M.M.</u> 189 N.J. at 294-95). In some cases, termination of a parent's constitutionally protected interest may be necessary to protect a child. <u>N.J. Div. of Youth & Family Servs. v. A.W.</u>, 103 N.J. 591, 599 (1986).

The Division is "the State agency for the care, custody, guardianship, maintenance and protection of children." <u>State ex rel. J.S.</u>, 202 N.J. 465, 477 (2010) (quoting <u>N.J.S.A.</u> 30:4C-2(a)). When the Division seeks to terminate a person's parental rights, a court must determine if doing so is in the child's or children's best interests. The "best interests" standard is codified in N.J.S.A. 30:4C-15.1(a), which requires the Division prove by clear and convincing evidence:

> (1) The child's safety, health or development has been or will continue to be endangered by the parental relationship;
>
> (2) The parent is unwilling or unable to eliminate the harm facing the child or is unable or unwilling to provide a safe and stable home for the child and the delay of permanent placement will add to the harm. . . .;
>
> (3) The [D]ivision has made reasonable efforts to provide services to help the parent correct the circumstances which led to the child's placement

outside the home and the court has considered alternatives to termination of parental rights; and

(4) Termination of parental rights will not do more harm than good.

See also A.W., 103 N.J. at 604-11.

Family courts deciding the profound issues involving the welfare of children have special expertise and their fact finding is entitled to deference by appellate courts. Cesare v. Cesare, 154 N.J. 394, 413 (1998). For that reason, we will not disturb a Family Part judge's findings of fact unless "convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 412 (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). We owe no deference, however, to "[a] trial court's interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, LP v. Twp. Comm of Manalapan, 140 N.J. 366, 378 (1995).

Here, to prove the statutory criteria for terminating parental rights, the Division presented the testimony of two employees, an Adoption Worker and a Supervising Family Service Specialist in the Permanency-Adoption unit. The

Division also presented the testimony of a psychiatrist and psychologist, and introduced into evidence fifty-two documentary exhibits.

Defendant testified against the advice of her counsel. Suffice it to say that her testimony illustrated her significant mental health issues.

Following the guardianship trial, Judge James R. Paganelli issued a comprehensive written opinion in which he concluded the Division had sustained its burden of proving by clear and convincing evidence the statutory criteria delineated in N.J.S.A. 30:4C-15.1 for terminating parental rights. Judge Paganelli recounted the psychiatrist's recitation of defendant's "history of alcohol abuse, psychiatric hospitalization, delusions, grandiosity, and unkemptness." The judge found significant the psychiatrist's testimony that defendant's lack of insight into her bi-polar disorder contributed to her inability to manage and treat her symptoms. The judge also noted the psychiatrist's diagnosis of defendant's schizoaffective disorder, a combination of bi-polar disorder and schizophrenia, the latter a psychotic disorder. Judge Paganelli found credible the psychiatrist's opinion that due to the nature of defendant's symptoms, namely, her disorganization, "her failure to recognize her own disorder and how it impacted others, her inability to behave socially, her poor

5

executive functioning, her inability to recognize cues in the environment, she has been rendered unable to safely parent [her child]."

Judge Paganelli also found credible the testimony of the Division's expert psychologist, who had examined defendant on four occasions. The judge noted the psychologist's opinion that defendant's child had come to view defendant "as a central parental figure in his life" and that should defendant's parental rights be terminated, the child "would likely experience a negative reaction that would produce development disruptions." The judge also credited, however, the psychologist's opinion that defendant was unable to provide her child "with consistent adequate care and supervision due to her mental illness," and "that any reaction [the child] may experience from being permanently separated from his mother could be mitigated through achieving permanency in [a] supportive home and through psychotherapy."

Last, the judge found credible the psychologist's opinion that "in this particular case, the risk of harm to [the child], if returned to [defendant's] care, outweighs the risk of experiencing a negative reaction to termination of their relationship."

Defendant contends on appeal that the Division did not appropriately consider alternatives to termination of defendant's parental rights. She insists

the Division failed to clearly and convincingly establish the third statutory prong of the best interests criteria. She also contends the Division failed to prove that termination of defendant's parental rights would not do more harm than good.

The record refutes defendant's arguments. As Judge Paganelli aptly noted, "[t]he diligence of the Division's efforts on behalf of a parent is not measured by their success." The judge detailed the Division's provision of services to defendant, as well as the Division's consideration of alternatives to termination. The judge noted the Division had conducted relative assessments and had attempted to place the child with a sibling in Pennsylvania. The Division's expert testimony refutes defendant's contention that the Division failed to prove termination of parental rights would not do more harm than good.

We affirm, substantially for the reasons expressed by Judge Paganelli in his written opinion. Judge Paganelli's opinion recounts in detail the Division's proofs, and his analysis of those proofs tracks the statutory elements of N.J.S.A. 30:4C-15.1(a). The judge's factual determinations are amply supported by credible evidence in the record. Considering defendant's arguments and Judge Paganelli's decision in light of the record and controlling legal principles, it can hardly be said that the judge "went so wide of the mark that a mistake must have been made." M.M., 189 N.J. at 279.

7

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3776-17T2